**F I L E D**
CLERK, U.S. DISTRICT COURT
3/12/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: _____TV_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>MOUSTAPHA MOUSTAPHA,<br><br>          Defendant. | CR No. 2:24-cr-00168-MCS<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(ii)(II): Possession with Intent to Distribute Methamphetamine and Cocaine; 18 U.S.C. § 924(c)(1)(A)(i): Possession of Firearms in Furtherance of a Drug Trafficking Crime; 21 U.S.C. § 853, 28 U.S.C. § 2461(c), 18 U.S.C. § 924(d)(1): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about February 1, 2024, in Los Angeles County, within the Central District of California, defendant MOUSTAPHA MOUSTAPHA knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 81.31 kilograms, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)(II)]

On or about February 1, 2024, in Los Angeles County, within the Central District of California, defendant MOUSTAPHA MOUSTAPHA knowingly and intentionally possessed with intent to distribute at least 500 grams, that is, approximately 1,010.8 grams, of a mixture and substance controlling a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT THREE

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about February 1, 2024, in Los Angeles County, within the Central District of California, defendant MOUSTAPHA MOUSTAPHA knowingly possessed firearms, namely, a Glock, model 43, 9mm caliber pistol, bearing serial number ADXX308, a Glock, model 43, 9mm caliber pistol, bearing serial number BZLC156, a privately manufactured Polymer 80, semiautomatic pistol, bearing no serial number (commonly referred to as a "ghost gun"), a Taurus International, .45 caliber pistol, bearing serial number ABH830206, a Ruger, model LC9, pistol, with an obliterated serial number, a Walther, model PPK, 9mm caliber pistol, bearing serial number S075129, a Walther, model C.H.L., 9mm caliber pistol, bearing serial number 446789, and a Bryco, model 38, .380 caliber pistol, bearing serial number 393947, in furtherance of drug trafficking crimes, namely, possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count One of this Indictment, and possession with intent to distribute cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(ii)(II), as charged in Count Two of this Indictment.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One and Two of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

    (b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

    (c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

    (d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.  Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold

4

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

//
//
//

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

COLIN S. SCOTT
Assistant United States Attorney
General Crimes Section